Isadore Kwasha
vs.
Raymond M. Lombardi } No. 85776.

December 28, 1931.

FROST, J. Heard on plaintiff's and defendant's motions for new trial after verdict for plaintiff in the sum of $1,000.

This is an action brought by the plaintiff to recover for personal injuries alleged to have been received on December 26, 1930, at about ten o'clock in the evening. Plaintiff testified that he was standing in front of his garage, which was located on the easterly side of North Main street in the City of Providence, and was engaged in signalling a passenger bus that was backing into his garage. While so engaged an automobile driven by the defendant came northerly on North Main street and apparently to avoid running into the bus which was extended across the street, turned to its right, mounted the curbstone and struck the plaintiff. Plaintiff suffered some abrasions and also received, according to his testimony, a severe strain of the left knee. He was laid up for about four weeks and was unable to do all of his customary work about the garage for an additional eight weeks. His physician thought that he would have trouble with his knee for some months to come. Plaintiff was obliged to hire a man to run and manage his garage for him for a period of four weeks at an expense of $50 per week. He was also obliged to hire assistance for an additional eight weeks at $25 per week. He had a doctor's bill of about $100.

The plaintiff was where he had a right to be and he might reasonably expect that while there an automobile would not leave the roadway and come upon the sidewalk. Whether he should have seen the machine and avoided it was for the jury to say. On the question of negligence of the defendant there was testimony given by the defendant himself from which the jury might conclude that he could have stopped in the roadway without striking the bus, even proceeding at the speed at which his machine appeared to be moving, which speed might be found to be negligent under all the circumstances. The Court thinks the evidence as given justified the verdict on the question of liability.

Defendant's physician testified that he did not feel that the plaintiff was incapacitated at all. Each physician was on the witness stand and each gave the basis of his opinion.

While the verdict is amply compensatory, the Court thinks it does substantial justice between the parties and both motions are therefore denied.

For plaintiff: Max Winograd, W. J. Carlos.

For defendant: Cooney & Kiernan.